[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, John P. Torbeck, appeals the judgment of the Hamilton County Court of Common Pleas in favor of plaintiff-appellee, Brune-Harpenau-Torbeck Builders, Inc. ("BHT") on Torbeck's counterclaim sounding in quantum meruit.
In 1995, BHT filed suit against Torbeck on a promissory note executed in 1982. Torbeck asserted a counterclaim, seeking recovery for services rendered to BHT. Following a bench trial, the court entered judgment in favor of BHT on Torbeck's counterclaim. This court affirmed that judgment in part, reversed it in part, and remanded the cause "for consideration of whether Torbeck expected compensation for his services and for the entry of judgment in accordance with that determination."[1]
On remand, the trial court entered a judgment again denying Torbeck recovery on the counterclaim. The court stated in its entry that it had considered the evidence adduced at trial and concluded that Torbeck had not expected compensation in any form for the services at the time that they were rendered.
In his first assignment of error, Torbeck contends that the trial court erred in failing to conduct a trial de novo, or at least an evidentiary hearing, on the issue of whether he expected compensation. We find no merit to this argument.
The record indicates that the trial court complied with the mandate of this court on remand. We did not order a new trial or further evidentiary hearings on the contested issue. We merely instructed the trial court to conduct the proper inquiry with respect to the elements of Torbeck's quantum meruit claim. As the trial court properly found on remand, the issue of Torbeck's expectation of compensation was fully explored at trial. The trial court therefore correctly concluded that no further evidence was required to decide the issue. Moreover, Torbeck did not proffer any additional evidence concerning the issue after the cause was remanded and has thus not demonstrated any prejudice in the court's refusal to conduct an evidentiary hearing.[2] The first assignment of error is therefore overruled.
In his second and final assignment of error, Torbeck contends that the trial court erred in failing to have the cause reassigned to another judge on remand, pursuant to Loc.R. 7(F) of the Hamilton County Court of Common Pleas. As BHT correctly notes, Loc.R. 7(F) addresses only cases in which a new trial is ordered and is therefore inapplicable to the case at bar. The second assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Brune-Harpenau-Torbeck Builders, Inc. v. Torbeck (Dec. 24, 1994), Hamilton App. No. C-971072, unreported. A complete recitation of the underlying facts is contained in our Memorandum Decision and Judgment Entry.
[2] Also, Torbeck does not argue that the trial court's conclusion was contrary to the evidence.